FILED
SUPERIOR COURT
OF GUAM

2021 MAR 26 PM 2: 47

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM, | Criminal Case No. CF0245-20 |
| | GPD Report No. 20-11619 |
| v. | |
| | **DECISION AND ORDER** |
| JUAN FAISAO MENDIOLA | **DENYING DEFENDANT'S EX PARTE** |
| *aka* John F. Mendiola | **MOTION AND APPLICATION FOR BAIL** |
| DOB: 07/04/1963 | **REDETERMINATION AND RELEASE** |
| | **ON ELECTRONIC MONITOR** |
| Defendant. | **PROGRAM RELEASE AND THIRD** |
| | **PARTY CUSTODIAN** |

### INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III on February 12, 2021 for hearing on Defendant Juan Faisao Mendiola *aka* John F. Mendiola's Ex Parte Motion and Application for Bail Redetermination Hearing Under 8 G.C.A. §40.50 for Release on Electronic Monitor Program Release and Third Party Custodian 8 G.C.A. §40.20 ("Motion"). Assistant Attorney General Sean Brown represents the People, and Joshua Walsh represents the Defendant. Having duly considered the parties' briefs, oral arguments, and the applicable law, the Court now issues the following Decision and Order and **DENIES** the Defendant's motion.

### BACKGROUND

The People of Guam filed a complaint against Defendant, charging him with Murder (as a First Degree Felony) with the Special Allegation: Possession or Use of a Deadly Weapon in the Commission of a Felony and Aggravated Assault (as a Second Degree Felony) with the Special Allegation: Possession or Use of a Deadly Weapon in the Commission of a Felony. Magistrate's Compl. at 1-3 (May 6, 2020). At the magistrate's hearing, Defendant was incarcerated and bail was set at One Hundred Thousand Dollars ($100,000.00) cash. Min. Entry (May 6, 2020).

Decision and Order Denying Defendant's Ex Parte Motion and Application for Bail Redetermination and Release on
Electronic Monitor Program Release and Third Party Custodian
CF0245-20, *People of Guam v. Juan Mendiola*
Page 1 of 4

On December 7, 2020, Defendant filed this Motion, seeking "release on his own recognizance or on the electronic monitoring program and a Third-Party Custodian" Mot. at 4. Defendant argued that he has multiple family members able to serve as Third Party Custodians and supervise him during his release, that he will appear at future court dates, that his release on the electronic monitoring program ("EMP") will not endanger anyone, and that keeping him confined at the Department of Corrections ("DOC") endangers him to Covid-19 exposure. Mot. at 3-5. The People oppose, arguing "Defendant poses a substantial risk to the safety of the community due to the nature of this current offense, especially witnesses in this case that are known to him." People's Opp'n to Def.'s Mot. for Bail Redetermination & Release on Electronic Monitor Program Release and Third Party Custodian ("Opposition") at 4 (Dec. 17, 2020). The Court held a hearing on the matter on February 12, 2021.

## DISCUSSION

A defendant who continues to be detained twenty-four (24) hours after conditions of release are imposed, as a result of his/her inability to meet the release conditions, "shall, upon application, be entitled to have the conditions reviewed by the Court." 8 G.C.A. §40.50(a). In reviewing these conditions, the Court "*shall* order the person charged to be released on recognizance, unless the [Court] determines, in [its] discretion, on the basis of available information, that such a release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." *Id.* § 40.15(b).

In determining whether there is a substantial risk of nonappearance or whether a defendant will endanger another person or the community, the Court shall consider the following factors:

(1) the nature of the offense charged, the apparent possibility of conviction and the likely sentence;
(2) the history and characteristics of the person charged, including:
    (A) length of his/her residence on Guam;
    (B) his/her employment status and history, and financial conditions;
    (C) his/her family ties and relationships;
    (D) his/her reputation, character, and mental and physical condition;
    (E) his/her prior criminal record, if any, including any record of prior release on recognizance or on bail
    (F) his/her history relating to drug or alcohol abuse;
    (G) the identity of the reasonable members of the community who will vouch for his/her reliability;
    (H) whether, at the time of the current offense or arrest, he/she was on probation, on parole, or on other release pending trial, sentencing, appeal

Decision and Order Denying Defendant's Ex Parte Motion and Application for Bail Redetermination and Release on Electronic Monitor Program Release and Third Party Custodian
CF0245-20, *People of Guam v. Juan Mendiola*
Page 2 of 4

or completion of sentence of an offense under federal, state, or local law; and

    (I) his/her history of compliance with other court order;

(3) the nature and seriousness of the danger the person would pose to the community or to any individual members thereof if released;

(4) statements of the alleged victim or others as to previous incidences of violence and threats made to the alleged victim;

(5) lethality risk assessments or other risk assessments deemed appropriate by the Judiciary of Guam; and

(6) any other factors which bear on the risk of willful failure to appear or the danger the person would impose to the community or to any individual member thereof if released.

8 G.C.A. § 40.15(c). If release on personal recognizance will not reasonably assure a defendant's appearance as required, or will endanger the safety of another person or the community, the Court shall impose the least onerous conditions of those specified in Section 40.20, such as the placement of the person "in the custody of a designated person or organization agreeing to supervise" the defendant or placing the defendant "under supervision by means of electronic monitoring . . . ." *See id.* § 40.20(a), (c).

The Court finds that the available information before it does not warrant release of Defendant in this case. The Court is particularly concerned about the nature of the offense and the possibility that Defendant's release may pose a danger to the witnesses in this case.

Defendant is charged with Murder (as a First Degree Felony) with the Special Allegation: Possession or Use of a Deadly Weapon in the Commission of a Felony and Aggravated Assault (as a Second Degree Felony) with the Special Allegation: Possession or Use of a Deadly Weapon in the Commission of a Felony. The underlying facts alleged indicate that Defendant shot Victim Peter John Tadeo Rios, Jr. in the chest with a gun, taking his life. It is alleged that the shooting occurred as a result of an argument between the two.

Considering the nature of the crimes charged, the Court is concerned that Defendant's release on personal recognizance or EMP will not reasonably assure Defendant's appearance and that his release may endanger others in the community. The Court is particularly concerned for the safety of the two witnesses present at the residence at the time of the altercation, Claire Siguenza and Rae Ann Quidachay. The Court finds there is sufficient cause for concern of these witnesses, considering (1) Claire Siguenza indicated she was afraid of Defendant and (2) Rae Ann Quidachay

Decision and Order Denying Defendant's Ex Parte Motion and Application for Bail Redetermination and Release on Electronic Monitor Program Release and Third Party Custodian
CF0245-20, *People of Guam v. Juan Mendiola*
Page 3 of 4

personally witnessed the altercation and shooting in question. Furthermore, Defendant is a flight risk due to the long prison sentence he faces if convicted. Both 8 G.C.A. §40.15(b) factors support a finding that Defendant should not be released on his own personal recognizance.

Because Defendant's release on personal recognizance is not appropriate, the court must impose the least onerous conditions of those specified in Section 40.20. The court does not agree with Defendant's arguments that a designated custodian or electronic monitoring device would assure both his future court appearance and the safety of the community. These two measures are not onerous enough to overcome both 8 G.C.A. §40.15(b) factors weighing heavily against Defendant's release back into the community.

Lastly the court must determine whether to amend the current imposition of bail at $100,000.00. "'The test for excessiveness of bail is not whether a defendant is financially able to satisfy the requirement . . . but whether bail is set an amount higher than reasonably calculated to assure the presence of the accused.'" *People v. Bruneman*, 1996 Guam 3 ¶ 9 (quoting *United States v. McConnell*, 842 F.2d 105, 107 (5th Cir. 1988), *United States v. Beaman*, 631 F.2d 85, 86 (6th Cir. 1980), *United States v. Salerno*, 481 U.S. 739, 752 (1987), and *Stack v. Boyle*, 342 U.S. 1, 5 (1951)). The Court finds here that Defendant has tremendous motivation to flee, considering the evidence against him and the potential sentence faced if found guilty. The imposition of cash bail at $100,000.00 is not excessive, considering the Court's goal of assuring Defendant's presence. Therefore, there is no reason to amend the bail.

## CONCLUSION

For the reasons stated above, the Court **DENIES** Defendant's Motion.

**IT IS SO ORDERED** this <u>Mar.26,2021</u> *nunc pro tunc* to February 12, 2021.



**SERVICE VIA E-MAIL**
I acknowledge that an electronic copy of the original was e-mailed to:

AG, J. Razzano

Date: 3/26/21 Time: 3:31p

Antonio C. Cruz

Deputy Clerk, Superior Court of Guam

**HONORABLE ALBERTO C. LAMORENA, III**
**Presiding Judge, Superior Court of Guam**

Decision and Order Denying Defendant's Ex Parte Motion and Application for Bail Redetermination and Release on Electronic Monitor Program Release and Third Party Custodian
CF0245-20, *People of Guam v. Juan Mendiola*
Page 4 of 4